LOTHROP WIGHT & *als. versus* ALEXANDER STILES.

An amendment of a writ, by striking out of the account annexed, a part of the charges and credits, is within the discretion of the Court, and is not a subject for revision on exceptions.

Depositions taken out of the State, by persons duly authorized, may be admitted or rejected at the discretion of the Court, although the oath was not administered to deponent before giving his testimony.

In an action for goods sold and delivered, if the plaintiffs furnish credible testimony, that the goods were purchased by defendant of the plaintiffs, as a partnership known by their style and name; that a bill of goods was made out and delivered to the defendant, who fully examined the same, and made no objection thereto; and that the goods were delivered on board a vessel by him designated; it is sufficient to authorize a verdict for the plaintiffs.

THIS was an action of assumpsit to recover the balance of an account, and was tried at the last term before WHITMAN, C. J. The plaintiffs moved for leave to amend, by striking out of the account annexed all the items of debt and credit, except the last four items, which were for a bill of merchandise and the expenses attending it. The motion was resisted, but allowed by the Judge. The plaintiffs offered in evidence the deposition of James M. Gooken, which purported to be taken by a Commissioner of Maine, for Massachusetts, and the caption was in these words, " on the first day of July, 1847, the aforesaid deponent was examined and cautioned and sworn agreeably to law, to the deposition aforesaid by him subscribed," which was objected to, as not being in conformity with the R. S., but was admitted.

The counsel for the defendant, among other things, requested the Judge to instruct the jury, that, in order to maintain this action, the plaintiff must prove that the goods enumerated in the writ were either sold and delivered to the defendant, or, if shipped to him, that he actually received them; and that they were sold to defendant to be paid for on demand; also that the contract was made with the plaintiffs, as a partnership firm, composed of the individuals named in the writ; and that said persons, at the time of the alleged contract, were co-partners under the firm of Wight, Reed & Co. as alleged.

But the Court refused so in terms to instruct them; and directed the jury, that if they believed the deposition which had been read to them, the plaintiffs' case was perfectly made out. The jury thereupon returned a verdict for plaintiffs; and the defendant filed exceptions.

[NOTE. — The deposition did not come into the hands of the Reporter.]

*S. H. Lowell,* for defendant.

The amendment allowed, at the moment of trial, was improper and unwarranted by any provision of law, and if improper may be subject to exceptions. *Newall* v. *Hussey,* 18 Maine R. 249.

The Court may permit plaintiffs to strike out items of charge when they fail to prove them, but have no authority of law to permit them to strike out credits. Such amendments deprive the defendant of set-off, and occasion surprise, as well as encourage a multiplicity of suits. *Dodge* v. *Tileston,* 12 Pick. 328.

Gooken's deposition was improperly admitted. It was not taken in conformity with the law. R. S. chap. 133, § 15. When the requisitions of law are not complied with, the deposition cannot be used. *Atkinson* v. *St. Croix Manufacturing Co.,* 24 Maine R. 171; *Braintree* v. *Hingham,* 1 Pick. 245.

The provision in chap. 133, § 22, must be restricted, so as to embrace only such depositions taken out of the State, as could be legal evidence. It was held by the Court in *Amory* v. *Fellows,* 5 Mass. R. 219, that the testimony of witnesses, whether *viva voce* or in writing, cannot be admitted, unless there is evidence that it was given under oath. Our law requires the oath to be first administered, in all cases. Commissioners are required to be governed by our laws in their proceedings. R. S. ch. 134.

The instructions requested, were improperly withheld. The plaintiffs should have proved, that the goods were sold and actually delivered to the defendant, or that the contract was in writing, or that he came under one of the provisos in R. S.

chap. 136, § 4. Here there was no delivery. Where goods are ordered verbally, the delivery by the vender to a carrier, will not take the case out of the statute, unless the purchaser has been accustomed to receive goods from the vendor in that way. Long on Sales, 71 and 72.

And it is the duty of the vendor, where goods are sent to a distance by sea, to give such due and timely notice of the shipment as circumstances will permit, in order that the vendee may know when they are likely to arrive. Long on Sales, 447. No such notice was given.

The Court should have instructed the jury that the plaintiffs must prove that the contract was made with them, as a partnership firm, composed of the individuals named in the writ and that said persons, at the time of the alleged contract, were co-partners under the firm of Wight, Reed & Co., as alleged in the writ. 2 Greenl. Ev. § 478 and cases cited in note 2; 1 Saunders' Plead. page 144, and cases cited; *Norcross & al.* v. *Clark,* 15 Maine R. 80; *Dob* v. *Halsey,* 16 Johns. R. 34.

The instructions given were wrong. The Court told the jury, if they believed the deposition, the plaintiffs' case was perfectly made out. They thus usurped the province of the jury in deciding matter of fact, and what amount of evidence would warrant them in finding a verdict for the plaintiffs. It is well settled, that if the Judge instruct the jury, that if they believe a certain one of the witnesses, they ought to find for the defendant, a new trial will be granted. *Tufts* v. *Seabury,* 11 Pick. 140; *Baldwin* v. *Hayden,* 6 Conn. R. 453; *Wilkinson* v. *Scott,* 17 Mass. R. 249.

It is the duty of the Court on request to instruct the jury what the law is, applicable to the testimony in the case, but not to instruct them, that certain evidence proved certain facts. *George* v. *Stubbs,* 26 Maine R. 243.

*Moulton,* for plaintiffs, proposed to remit the amount of one small item in the account, which had not run for the term of credit given, and contended that the deposition proved the partnership. That the statute of frauds could not apply, for here was a sale and delivery. The goods were delivered ac-

cording to the directions of defendant, and put on board the vessel.

The amendment allowed was correct. There was a change of partners after the first and before the second bill was purchased. The credits applied to the first bill only. It was a matter wholly within the discretion of the Court.

As to the objections to the instructions, there was nothing unusual in them. The credit of the testimony was submitted to the jury. The Court did not distinguish any particular portion of the evidence; there was only one piece before them, and if the deposition proved the case the instructions were right. The Court can now see that the case was proved.

TENNEY, J. — The Judge before whom the action was tried allowed the plaintiffs to amend their writ, by striking out of the account annexed a part of the charges thereon, and also the credits, which by the bill were applied to reduce the charges, so stricken out, against the objection of the defendant. This was an amendment, which it was competent for the Court to authorize in the exercise of his discretion, and is not a subject of revision on exceptions.

By the statute of 1821, chap. 85, sect. 3, it was required that deponents, should be cautioned and sworn to testify the truth, the whole truth, and nothing but the truth, before they should give their testimony. Rev. Stat. chap. 133, sect. 15, contains a similar provision. The chapter of the statutes of 1821 referred to, sect. 6, provides that "all depositions taken out of the State, before any justice of the peace, public notary, or other person legally empowered to take depositions in the State or county, where such depositions shall be taken and certified, may be admitted as evidence in any civil action, or rejected at the discretion of the court." It was decided by this Court in 1839, that a deposition taken out of the State, could be used under this provision, notwithstanding the oath was not administered to the deponent before giving his testimony. *Blake* v. *Blossom*, 15 Maine R. 394. In Rev. Stat. chap. 133, sect. 22, there is a provision similar to that in the

statute of 1821, chap. 85, sect. 6, in very nearly the same language. The construction of the Court of the statute of 1821, by a well settled rule, is regarded as adopted by the Legislature, when they re-enacted the same provision in the Revised Statutes.

The defendant's counsel requested the Court to instruct the jury, that to maintain the action, the plaintiffs must prove that the goods were either sold and delivered to the defendant, or if shipped to him, that he actually received them, and that they were sold to be paid for on demand ; that the contract was made with the plaintiffs as a partnership, and that they were such at the time of the sale of the goods. The Court thereupon instructed the jury, that if they believed the testimony in the deposition introduced, the case was perfectly made out. By this evidence the goods were purchased by the defendant of the plaintiffs as a partnership, known by the name of Wight, Reed & Company ; that a bill of the goods was made out and delivered to the defendant, who fully examined the same, and made no objection thereto ; and that the goods were delivered on board a vessel which he had designated, as the place where he requested them to be delivered. If this evidence was true it was sufficient to authorize a verdict for the plaintiffs.

It is objected, that the Court erred in restricting the jury to the consideration of testimony contained in the deposition. If there was conflicting evidence for the jury to weigh, there would have been some foundation for the objection. But the case does not show that any other evidence was adduced ; consequently from that alone the jury were required to judge concerning the facts.

Two items of the account were for goods delivered less than six months before the date of the writ, and interest thereon, and from the bill it might have been inferred, that a credit of that time was given. The case discloses no ruling or instruction in reference to this part of the claim, and there was no ground for exceptions on that account.

*Exceptions overruled.*